Clifton MCKNIGHT, Jr., Petitioner–
Appellant,

v.

Robert EASON, Warden II; Carry Cook,
Assistant Warden; Stacy L. Jackson,
Assistant Warden; Bonnie L. Young,
Investigator III, Respondents–Appel-
lees.

No. 06–10776
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 4, 2007.

Clifton McKnight, Jr., pro se.

Before JOLLY, DENNIS, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Clifton McKnight, Jr., Texas prisoner
# 759629, appeals the district court's dis-
missal with prejudice of his 42 U.S.C.
§ 1983 complaint pursuant to 28 U.S.C.
§ 1915. His complaint raised claims of
racial discrimination, retaliation, and the
violation of his due process rights in con-
nection with prison disciplinary and griev-
ance proceedings.

McKnight complains of the racial imba-
lance between the white prison employees
and the black prisoners in the prison
where he is incarcerated and the fact that
the majority of the prisoners in medium or
close custody are black. To state an equal

protection claim, McKnight must allege,
inter alia, that similarly situated individu-
als have been treated differently and he
must also allege purposeful or intentional
discrimination. *See Muhammad v. Ly-
naugh,* 966 F.2d 901, 903 (5th Cir.1992).
McKnight did not offer the district court
and he does not offer this court anything
other than conclusory allegations of racial
discrimination in the prison where he is
incarcerated. McKnight has therefore
failed to assert a cognizable equal protec-
tion claim. *See id.; Koch v. Puckett,* 907
F.2d 524, 530 (5th Cir.1990).

McKnight alleges that the prison where
he is incarcerated has a practice of retal-
iating against prisoners for using the pris-
on grievance system. With respect to this
claim, he argues only generalities and does
not identify particular allegations of specif-
ic constitutional violations. The district
court did not specifically address
McKnight's claim of retaliation by Officer
Grey. Regardless, his claim fails as Officer
Grey was not named as a defendant in the
lawsuit, and, although McKnight named
three wardens as defendants in his lawsuit,
he has not demonstrated that the wardens
are liable for the alleged retaliation by
Officer Grey. *See Johnson v. Rodriguez,*
110 F.3d 299, 310 (5th Cir.1997); *Thomp-
kins v. Belt,* 828 F.2d 298, 303–04 (5th
Cir.1987).

McKnight complains that prison officials
violate prisoners' due process rights by
failing to follow proper procedures when
reviewing prison disciplinary cases and
that proper procedures are not followed
when determining how long a prisoner will
remain in close or medium custody after
the prisoner is found guilty of a disciplin-
ary case and is given an indeterminate

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentence. These generalities do not state a claim for the violation of a constitutional right. *See Koch,* 907 F.2d at 530.

Moreover, McKnight does not address the district court's finding that his claims that a false disciplinary case was brought against him and that he was denied due process during the disciplinary proceedings were barred by *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), and *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). As McKnight fails to address the district court's basis for dismissing these claims, they are abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).

McKnight argues that his prison grievances, alleging retaliation, were not properly reviewed and complains generally of how prison grievances are handled in the prison where he is incarcerated. Because McKnight has no liberty interest in the resolution of his grievances, his claims regarding the prison grievance system do not state a claim regarding the violation of a constitutional right. *See Geiger v. Jowers,* 404 F.3d 371, 373–74 (5th Cir.2005).

McKnight's appeal is without arguable merit and, thus, frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). Because the appeal is frivolous, it is dismissed. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of McKnight's complaint constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Once McKnight accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.